## IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

FILED
JAMES BONINI
CLERK

09 OCT -5 PM 3:21

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | | |
|---|---|---|
| TIMMY A. CROWE<br>86 Fruithill Drive<br>Chillicothe, OH 45601 | : | |
| | : | CASE NO. C2 09 873 |
| Plaintiff, | : | JUDGE   JUDGE SARGUS |
| | : | |
| v. | : | MAGISTRATE JUDGE   MAGISTRATE JUDGE KEMP |
| | : | |
| BE&K, Inc.<br>c/o Statutory Agent<br>Capitol Services, Inc.<br>615 South Dupont Highway<br>Dover, DE 19901 | : | |
| and | : | |
| KBR, Inc.<br>c/o Statutory Agent<br>Capitol Services, Inc.<br>615 South Dupont Highway<br>Dover, DE 19901 | : | |
| Defendants. | : | |

## VERIFIED COMPLAINT
### WITH JURY DEMAND ENDORSED HEREON

Now comes Plaintiff Timmy A. Crowe, by and through counsel, and for his Complaint

against Defendants BE&K, Inc. and KBR, Inc., states the following:

### Parties, Jurisdiction and Venue

1.      Plaintiff Timmy A. Crowe is an individual residing in Ross County, Ohio.

2.      Defendant KBR, Inc. ("KBR") is a Delaware corporation with its principal place

of business in Houston, Texas.

3.      Defendant BE&K, Inc. ("BE&K") is a Delaware Corporation with its principal

place of business in Birmingham, Alabama.

4.      Subject matter jurisdiction is proper with this Court pursuant to 28 U.S.C. § 1332 as the parties' citizenship is diverse and the amount in controversy exceeds $75,000.00.

5.      Personal jurisdiction is proper pursuant to O.R.C. § 2307.382(a)(1), as Defendants transacted business in Ohio with Plaintiff.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2), as a substantial portion of the events giving rise to Defendants' liability occurred in the Southern District of Ohio.

### General Allegations

7.      On August 30, 2007, BE&K made Plaintiff a written offer of employment to work as a Maintenance Manage ("Offer").   A copy of BE&K's Offer to Plaintiff is attached as Exhibit "A."

8.      Specifically, BE&K offered Plaintiff a three (3) year employment contract, the term of which was to commence upon Plaintiff's placement in his first overseas assignment.  The Offer further provided that, among other terms and conditions, Plaintiff would be paid a biweekly salary of $5,770 as well as a foreign service incentive, hardship percentage, repatriation bonus and a goods and services differential.   BE&K's Offer identified Plaintiff's first employment assignment to be in Bratsk, Russia.

9.      BE&K's Offer to Plaintiff was contingent only upon its successful negotiation of a contract with ILIM Pulp.

10.     Not wishing to leave his current employment for the prospect of a contingent employment with BE&K, BE&K and Plaintiff negotiated additional terms supplementing the Offer in an Addendum dated September 6, 2007 (hereinafter "Addendum").   The terms of the Addendum included, but were not limited to, the removal of any contingency as to Plaintiff's

Offer and, a guarantee of employment in the United States with BE&K should BE&K be unsuccessful in its negotiations with ILIM Pulp. A copy of the Addendum is attached hereto as Exhibit "B."

11.    Plaintiff accepted the terms and conditions of employment with BE&K as set forth and outlined its Offer and Addendum, see Exhibits "A" and "B," which thereafter constituted his written employment contract ("Contract") with BE&K.

12.    Plaintiff understood, accepted, justifiably and reasonably relied upon the express and implied terms of his Contract, including but not limited to, the guaranteed three-year term of employment, as well as payment of salary, incentives and bonuses.

13.    Plaintiff commenced his employment with BE&K and, from September 2007 through July 2008, BE&K employed Plaintiff in the United States while it conducted and concluded negotiations with ILIM Pulp.

14.    In July 2008, KBR acquired BE&K pursuant to, upon information and belief, a stock purchase agreement and, thereby acquired and assumed Plaintiff's Contract.    Upon information and belief, BE&K is now a wholly owned subsidiary of KBR.

15.    In August 2008, KBR entered into a contract with ILIM Pulp and, consistent with the terms of his Contract, KBR assigned Plaintiff to its plant in Bratsk, Russia to commence the term of his three-year Contract working as a Maintenance Manager.

16.    However, in November 2008, Plaintiff's assignment in Russia terminated after Defendants' contract with ILIM Pulp was cancelled. Plaintiff was relocated to Chillicothe, Ohio by Defendants and was advised that Defendants' Human Resources department would contact him regarding his new employment assignment.

17.    For a period of months, Plaintiff made repeated inquires and applications with Defendants for new employment assignments both in the United States and abroad.  On these occasions, Defendants advised Plaintiff to continue to wait for another assignment or, alternatively, that the position he had inquired about had been filled.

18.    In February 2009, Defendants advised Plaintiff that he was being terminated due to a reduction in force.  Plaintiff reminded Defendants that the term of his three-year Contract had not expired and that he desired to continue his employment until the conclusion of his Contract.

19.    Thereafter, Defendants rescinded Plaintiff's termination, though failed to take any steps to place Plaintiff in a new employment assignment.

20.    On June 26, 2009, Defendants again terminated Plaintiff and advised him that he would receive four months of pay as a severance package.  Plaintiff again responded that his Contract term had not expired and that he wanted and remained ready to fulfill his obligations under the Contract.

21.    In response, on July 7, 2009, Defendants' Human Resources representative advised Plaintiff that his Contract would not be honored, reiterated that Plaintiff was terminated and, further, that Plaintiff's severance offer was now reduced to two weeks pay because he had not accepted the previous offer.

## COUNT I
## BREACH OF EMPLOYMENT CONTRACT

22.    Plaintiff hereby incorporates all of the allegations contained in the preceding paragraphs as if fully restated herein.

23.    Plaintiff and Defendants entered into a valid and enforceable Contract, the provisions of which guaranteed Plaintiff's employment with Defendants for a term of three

years, and such other terms, conditions and benefits as set forth in Exhibits "A" and "B," which Exhibits are wholly incorporated herein by reference.

24.     Regardless of the binding nature of the Contract, Defendants have wrongfully and intentionally breached the Contract with Plaintiff by prematurely terminating Plaintiff's employment on July 7, 2009.

25.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages, including but not limited to, lost wages and benefits, as well as other compensatory damages.

## COUNT II
## PROMISSORY ESTOPPEL

26.     Plaintiff hereby incorporates all of the allegations contained in the preceding paragraphs as if fully restated herein.

27.     Defendants, by their acts, promises, representations, and admissions, induced Plaintiff to leave his former employment and to believe that he had a valid, binding agreement with Defendants, the central terms of which provided that Plaintiff would be employed for a three-year period and compensated in the manner as set forth in Exhibits "A" and "B," attached hereto and incorporated herein.

28.     Plaintiff rightfully relied/acted to his detriment upon the reasonable belief that he would be employed for a three-year term commencing on his first overseas assignment and would be compensated as represented by Defendants.

29.     Defendants could foresee Plaintiff's reliance on their representations as to the term of his employment and compensation.

30.     Plaintiff has and will continue to be prejudiced if Defendants are able to deny the existence of his representations and the facts as alleged.

31.    Defendants' wrongful actions, including their termination of Plaintiff and failure to compensate Plaintiff as represented, directly and proximately damaged Plaintiff, causing loss of income and interest thereon, as well as requiring Plaintiff to incur attorney fees and expenses.

## COUNT III
## QUANTUM MERUIT/UNJUST ENRICHMENT

32.    Plaintiff hereby incorporates all of the allegations contained in the preceding paragraphs as if fully restated herein.

33.    In 2007, Defendants, in bad faith, induced Plaintiff to accept their employment offer by representing to Plaintiff that he would be employed for a three-year period.

34.    Plaintiff conferred a benefit on Defendants by relocating to Bratsk, Russia to act as a Maintenance Manager on their behalf.

35.    Defendants had full knowledge of Plaintiff's excellent job performance and the benefit Plaintiff conferred on Defendants.

36.    Defendants have retained the benefit Plaintiff conferred, yet failed, in bad faith, to retain Plaintiff's services and failed to honor their representations and agreement with Plaintiff.

37.    Defendants have been unjustly enriched and, as a result, Plaintiff has suffered damages and is entitled to judgment.

## COUNT IV
## FRAUD

38.    Plaintiff hereby incorporates all of the allegations contained in the preceding paragraphs as if fully restated herein.

39.    Defendants represented to Plaintiff that he would be employed for a term of three years pursuant to their Contract.

40.     The representation of employment was material, as Plaintiff would not have left his previous employment but for the Contract.

41.     Defendants made this representation knowing that they did not intend to honor the Contract with Plaintiff.

42.     Defendants acted with the intent to induce Plaintiff's reliance, which is evidenced by the Addendum executed by the parties.  See Exhibit "B."

43.     Plaintiff's reliance was justifiable and reasonable as he had the promise of employment for three years and Defendants "strung him along," asking him to continually "wait" for employment opportunities.

44.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages, including but not limited to, lost wages and benefits.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

**COUNT I – BREACH OF CONTRACT** – damages and attorney fees all in an amount not less than $500,000.00;

**COUNT II – PROMISSORY ESTOPPEL** – damages and attorney fees all in an amount not less than $500,000.00;

**COUNT III - QUANTUM MERUIT/UNJUST ENRICHMENT** – damages and attorney fees all in an amount not less than $500,000.00;

**COUNT IV – FRAUD** – damages and attorney fees all in an amount not less than $500,000.00;

Plaintiff's attorney fees;

The cost of this action; and,

Such other relief as may be just and appropriate.

## JURY DEMAND

Plaintiff demands that a jury decide all claims in this Complaint.

Respectfully submitted,

Judith L. Galeano (0048366)
MOWERY, YOUELL & GALEANO LTD.
425 Metro Place North, Suite 420
Dublin, Ohio 43017
PH: (614) 764-1444
FAX: (614) 760-8654
Email: jgaleano@myglaw.com
*Attorney for Plaintiff*

## VERIFICATION

I, Timmy A. Crowe, being of legal age and sound mind, have read the foregoing Complaint, including all averments and allegations contained therein. I swear and affirm that the facts alleged are based upon my own knowledge, information, or belief, and that the facts, allegations, and information contained in the foregoing Complaint are true to the best of my knowledge.

Timmy A. Crowe

Sworn to before me and subscribed in my presence this 2nd day of October, 2009.

Notary Public

PAMELA S. HERNER
Notary Public, State of Ohio
My Commission Expires 12-10-10