IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TIMMY A. CROWE,

        Plaintiff,

                                         Case No. 2:09-cv-873
vs.                            Judge Edmund A. Sargus, Jr.
                                         Magistrate Judge Terence P. Kemp

BE&K, Inc., et al.,

        Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Compel Arbitration. (Doc. 9.) For the reasons set forth herein, the motion is granted and the action is dismissed .

**I.    BACKGROUND**

Plaintiff Timmy Crowe ("Crowe") has filed suit in diversity against Defendants BE&K, Inc. ("BE&K"), his former employer, and KBR, Inc. ("KBR"), the parent company of BE&K, making claims for breach of contract, promissory estoppel, quantum meruit/unjust enrichment, and fraud based upon BE&K's termination of his employment.

Crowe began his employment with BE&K in September 2007 and alleges that a binding contract existed between him and BE&K guaranteeing his employment for a term of three years. (Compl. ¶¶ 8-13.) In July 2008, BE&K was purchased by and became a subsidiary of KBR. (Compl. ¶ 14). At this time, Crowe received a letter from KBR indicating that BE&K's existing "Employee Solution Program" was being replaced by KBR's "Dispute Resolution Program" ("DRP"), and that his continued employment with BE&K was conditioned on his agreement to be

bound by the terms of the DRP. (Mem. Supp. Defs.' Mot. Compel Arbitration, Ex. B.) Crowe subsequently signed a document acknowledging his receipt and review of the DRP materials. This document also included the following statements:

> I understand that by continuing my employment with the Company, I agree to use the [DRP]. As described in detail in the [DRP], I understand that the [DRP] requires that legal claims I have against the Company be resolved through binding and final arbitration instead of the court system. I further understand that this agreement supersedes any previous agreement to the contrary, and that this agreement may not be modified unless the modification is in writing and signed by the Company's Chief Executive Officer.

(Mem. Supp. Defs.' Mot. Compel Arbitration, Ex. C.) BE&K terminated Crowe's employment on July 7, 2009. (Compl. ¶ 21.) Crowe subsequently brought the instant action and Defendants now move the Court to enforce, pursuant to the Federal Arbitration Act ("Act"), the arbitration provisions of the DRP and to dismiss Crowe's claims.

## II. DISCUSSION

The Act provides that "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2006). "The preeminent concern of Congress in passing the Act was to enforce private agreements into which parties had entered, and that concern requires that [courts] rigorously enforce agreements to arbitrate . . . ." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985). The Act provides federal courts with the authority to stay lawsuits in cases where issues are referable to arbitration pursuant to written agreements calling for such arbitration, and to compel arbitration where a party to a dispute has refused to arbitrate the dispute as required by an enforceable agreement. *See* 9 U.S.C. §§ 3-4

(2006). "Before compelling an unwilling party to arbitrate, the court must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003).

### A. THE SCOPE OF THE DRP

Crowe does not argue that his dispute with Defendants is outside the broad scope of the DRP's arbitration provisions, which state that "[a]ll Disputes not otherwise settled by the Parties shall be finally and conclusively resolved through arbitration . . . instead of through trial before a court." (Mem. Supp. Defs.' Mot. Compel Arbitration, Ex. A § 4(A).) The DRP defines "Disputes" as

> all legal and equitable claims, demands, and controversies, of whatever nature or kind, whether in contract, tort, under statute or regulation, or some other law . . . including, but not limited to, any matters with respect to . . . [t]he employment or potential reemployment of an Employee, including but not limited to the terms, conditions, or termination of such employment with [KBR or BE&K] . . . [and] . . . [a]ny other matter related to or concerning the relationship between the Employee and [KBR or BE&K] including, by way of example and without limitation, allegations of . . . wrongful discharge . . . .

(Mem. Supp. Defs.' Mot. Compel Arbitration, Ex. A § 2(E).) Accordingly, because Crowe, a former employee of BE&K, is alleging that his employment was wrongfully terminated, the Court finds that the specific dispute at issue here falls within the substantive scope of the DRP's arbitration provisions.

### B. ENFORCEABILITY OF THE DRP

Crowe argues that the DRP is not enforceable against him by Defendants on the grounds that there was no mutuality of obligation with regard to the DRP between himself and BE&K/KBR, and

-3-

on the alternative grounds that only he and not BE&K or KBR signed the acknowledgment form.

"[G]enerally applicable state-law contract defenses like fraud, forgery, duress, mistake, lack of consideration or mutual obligation, or unconscionability, may invalidate arbitration agreements." *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 498 (6th Cir. 2004). The enforceability of an arbitration agreement must be reviewed under the law of the state of contract formation. *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 666 (6th Cir. 2003). Thus, the Court will look to Ohio law in analyzing the Parties' claims.

"The concept of mutuality of obligation requires that both parties to a contract be bound by its terms." *Stepp v. NCR Corp.*, 494 F. Supp. 2d 826, 834 (S.D. Ohio 2007)(citing *Raasch v. NCR Corp.*, 254 F. Supp. 2d 847, 855 (S.D. Ohio 2003)); *see also Helle v. Landmark, Inc.*, 472 N.E.2d 765, 776 (Ohio Ct. App. 1984)("[s]tripped to its essence, the concept of 'mutuality of obligation' expresses the idea that both parties to the contract must be bound or neither is bound" (internal quotations omitted)). Crowe argues that because KBR has the right to amend or terminate the DRP at any time upon thirty-days written notice to current employees with no similar right afforded to employees, (Mem. Supp. Defs.' Mot. Compel Arbitration, Ex. A §§ 6-7), mutuality of obligation is not present as to Defendants, and the DRP is therefore not an enforceable contract. According to Crowe, the unilateral right to amend or terminate the DRP in essence gives Defendants the power to alter their obligations under the DRP at will, rendering those obligations illusory.

In support of his argument, Crowe cites several federal cases, including *Floss v. Ryan's Family Steak Houses, Inc.*, 211 F.3d 306, 315-16 (6th Cir. 2000)(holding that an arbitration agreement lacked mutuality of obligation, and was thus unenforceable, where the purported agreement allowed one party "unfettered discretion" in changing the applicable rules and procedures

-4-

of arbitration), and *Stepp*, 494 F. Supp. 2d at 834-35 (holding that an employment policy mandating arbitration of disputes was unenforceable on the ground that policy lacked mutuality of obligation because employer could amend the plan at any time), and several Ohio cases, including *Redmond v. Big Sandy Furniture, Inc.*, No. 08CA12, 2008 WL 4966549, at *2-*3 (Ohio Ct. App. Nov. 19, 2008)(holding that employer's dispute resolution plan mandating arbitration was unenforceable because plan provided employer with unfettered authority to modify or terminate the plan at will), and *Harmon v. Phillip Morris, Inc.*, 697 N.E.2d 270, 272 (Ohio Ct. App. 1997)(arbitration provision of employer's dispute resolution program unenforceable on ground that employer was not required by plan to arbitrate its claims against employees and employer was able to amend or terminate the plan at any time).

Defendants respond by asserting that the DRP is distinguishable from the dispute resolution plans at issue in the cases cited by Crowe because KBR does not possess limitless authority to amend the DRP at any time. Rather, any amendment to or termination of the DRP requires that notice be given to employees thirty days before such changes take effect, and any amendment or the termination of the DRP cannot affect disputes arising prior to the effective date of such actions. (Mem. Supp. Defs.' Mot. Compel Arbitration, Ex. A §§ 6-7.) In support, Defendants cite *Morrison v. Circuit City Stores, Inc.*, 70 F. Supp. 2d 815, 822-23 (S.D. Ohio 1999)(mutuality of obligation existed where employer's right to modify dispute resolution plan was limited to one day per year, upon thirty-days notice), *aff'd*, 317 F.3d 646 (6th Cir. 2003), and *Bell v. Hollywood Entm't Corp.*, No. 87210, 2006 WL 2192053, at *2 (Ohio Ct. App. Aug. 3, 2006)(arbitration agreement enforceable where agreement was equally applicable to both employees and employer and employer was only able to modify or terminate the agreement on one day per year upon thirty-day notice to

-5-

employees).

The Court agrees with Defendants and finds that the DRP is not unenforceable for lack of mutuality of obligation. In making this finding, the Court looks specifically to the Sixth Circuit's interpretation of Ohio law in *Morrison*, 317 F.3d 646. There, the Court was confronted with an arbitration agreement that required employees to submit their claims to arbitration but did not impose a similar obligation upon the employer. *Id.*, 317 F.3d at 667. The arbitration agreement allowed the employer to amend or terminate the agreement unilaterally, but only on a specific date each year, and only upon giving thirty-days notice to employees. *Id.*, 317 F.3d at 667. Finding the relevant provisions of the agreement to be identical to those struck down by the Ohio court in *Harmon*, 697 N.E.2d 270, except for the provisions limiting timing of amendments, the Court determined that the timing provisions alone provided enough consideration on the part of the employer to render the arbitration agreement a binding contract. *Morrison*, 317 F.3d at 667-68.

It is true that, in the present case, KBR is not limited to a single day per year when it can amend or terminate the DRP. The Court, however, finds persuasive the Sixth Circuit's reliance in *Morrison* on an example in the Restatement (Second) of Contracts indicating that a thirty-days notice provision constitutes sufficient consideration to form a binding agreement. *Id.*, 317 F.3d at 667-68; *see also* RESTATEMENT (SECOND) OF CONTRACTS § 77 cmt. b, illus. 5 (1981)("A promises B to act as B's agent for three years on certain terms, starting immediately; B agrees that A may so act, but reserves the power to terminate the agreement on 30 days notice. B's agreement is consideration, since he promises to continue the agency for at least 30 days."). *Contra id.* § 77 cmt. a, illus. 2 (A promises B to act as B's agent for three years from a future date on certain terms; B agrees that A may so act, but reserves the power to terminate the agreement at any time. B's

-6-

agreement is not consideration, since it involves no promise by him."). Additionally, the Court notes that here, unlike the employer in *Morrison*, Defendants are obligated to submit disputes they may have against employees to binding arbitration. (Mem. Supp. Defs.' Mot. Compel Arbitration, Ex. A §§ 3(B)("this Plan applies to and binds the Company . . .") & 4(A)("[a]ll Disputes not otherwise settled by the Parities shall be finally and conclusively resolved through arbitration . . .).)

Crowe next argues that Defendants' failure to sign the acknowledgment form along with him renders the DRP unenforceable because it lacks the assent of both parties, a condition necessary for an enforceable contract. In doing so, he cites Ohio cases establishing a rebuttable presumption against arbitration in circumstances where the party resisting compelled arbitration has not signed the arbitration agreement. *Benjamin v. Pipoly*, 800 N.E.2d 50, 58 (Ohio Ct. App. 2003). As pointed out by Defendants, however, in this case we are presented with exactly the opposite situation—the party resisting compelled arbitration has signed a document indicating his understanding and acceptance of the terms of the DRP. Thus, Crowe's attempt to use the absence of a signature by KBR or BE&K on the acknowledgment form signed by Crowe to create a rebuttable presumption against arbitration must fail. The conduct of the parties prior to this dispute demonstrates that both intended to be bound.

Crowe also relies on *Harmon* to argue that his signing of the acknowledgment form does not equate to his having assented to the terms of the DRP. In *Harmon*, an Ohio court found that an employee's signing of a document merely acknowledging receipt of materials related to a dispute resolution plan and his understanding of them did not constitute the employee's assent to be bound by the dispute resolution plan. *Harmon*, 697 N.E.2d 270, 272. Here, however, the form signed by Crowe goes well beyond the form at issue in *Harmon*, and includes statements such as "I understand

-7-

that by continuing my employment with [BE&K], I *agree* to use the [DRP][,]" and "I understand that the [DRP] requires that legal claims I have against [BE&K] be resolved through binding and final arbitration instead of the court system." (Mem. Supp. Defs.' Mot. Compel Arbitration, Ex. C (emphasis supplied).)

Contrary to the arguments advanced by Crowe, the record here supports a finding that a binding agreement to arbitrate disputes exists between Crowe and BE&K. "[W]here an employer informs its employees that from this point forward, certain disputes must be directed to arbitration, while the employees are not obligated to continue in their employment, as long as they do, they are obligated to comply with the terms set by the employer . . . ." *Raasch v. NCR Corp.*, 254 F. Supp. 2d 847, 864 (S.D. Ohio 2003). Ohio courts have held that continued employment by at-will employees is sufficient consideration to create binding agreements between employers and employees. *See Canter v. Tucker*, 674 N.E.2d 727, 730 (Ohio Ct. App. 1996)("we find that continued employment alone constitutes consideration"); *Swagelok Co. v. Young*, No. 78976, 2002 WL 1454058, *4 (Ohio Ct. App. July 3, 2002)("the majority of [Ohio] districts have found that continued employment does constitute sufficient consideration to enforce a covenant not to compete which was entered into after the employment relationship commenced"). Crowe signed the form not only acknowledging his receipt of the DRP, but also indicating that he understood that by continuing his employment with BE&K, he agreed to be bound by the terms of the DRP. The record indicates that after signing the form, Crowe continued in his employment. Thus, the terms of the DRP, which provide for mandatory, binding arbitration of Crowe's present dispute with BE&K, became binding against Crowe. Accordingly, Defendants' Motion to Compel Arbitration is granted. Because all of the claims made by Crowe in the instant lawsuit are subject to arbitration,

-8-

the lawsuit is dismissed.

## III. <u>CONCLUSION</u>

For the reasons stated above, Defendants' Motion to Compel Arbitration (Doc. 9) is **GRANTED**, and Crowe's Complaint (Doc. 2) is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

4-22-2010
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**